OPINION
BARRY, Circuit Judge.
Benjamin Arzola, Ruben Soto, Domingo Hernandez, and Maximino Nieves raise numerous challenges to their convictions, sentences, and orders of forfeiture following a lengthy drug trafficking trial.[1]
At trial, the prosecution presented powerful evidence of a vast drug trafficking conspiracy beginning in 1999 and ending in June 2005. Among other evidence, the prosecution presented the testimony of numerous cooperating witnesses, substantial police surveillance of drug transactions, testimony regarding controlled purchases, hundreds of recorded phone conversations by and among the defendants, and physical evidence seized during an early morning raid of the conspiracy’s stash houses and the defendants’ residences, including substantial quantities of cocaine; drug paraphernalia such as cutting agents, scales, and drug ledgers; guns; and thousands of dollars in cash.
The jury convicted the defendants of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 841(a) & (b) and 21 U.S.C. § 846. Hernandez was also convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).
The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
On appeal, Arzola argues that:
(1) he was denied a fair trial by:
(a) the prosecution’s violation of the Jencks Act, 18 U.S.C. § 3500;
(b) the District Court’s failure to grant a mistrial following purported juror misconduct;
(c) the District Court’s failure to dismiss the indictment due to an attorney’s conflict of interest;
(d) prosecutorial misconduct during the prosecutor’s rebuttal argument, including mischaracterization of facts, impugning defense counsel’s integrity, and improper vouching; and
(e) the District Court’s denial of counsel’s attempt to use an easel during the presentation of evidence;
(2) the District Court improperly denied his request for a hearing on the calculation of the drug quantity;
(3) the District Court misunderstood the nature of its discretion at sentencing;
(4) the District Court improperly imposed a two-level enhancement for possession of a firearm;
(5) the prosecution failed to establish by sufficient evidence both the drug quantity and his aggravating role in the conspiracy; and
(6) his residence should not have been forfeited.
Soto argues that:
*289 (1) there was insufficient evidence supporting his conviction and the weight of drugs attributed to him;
(2) the prosecution improperly impugned defense counsel’s ethics and integrity;
(3) the prosecution improperly vouched for a government witness;
(4) his right to remain silent was violated;
(5) the cumulative effect of the trial errors denied him a fair trial;
(6) the District Court abused its discretion in denying him a hearing to challenge the weight of drugs attributed to him; and
(7) the District Court misconstrued its discretion to sentence him.
Hernandez argues that:
(1) there was insufficient evidence supporting his convictions;
(2) the prosecutor made improper comments during summation;
(3) the District Court erred in concluding that he was responsible for fifty kilograms of drugs;
(4) for purposes of sentencing, he should only be held accountable for his relevant conduct, not that of his co-conspirators;
(5) the District Court should have granted a mistrial based on a government witness’s reference to money laundering;
(6) the District Court erred by applying the enhanced penalty of 21 U.S.C. § 851 to him;
(7) the prosecution selectively and vindictively prosecuted him for not accepting a plea agreement;
(8) his Fifth Amendment right to silence was violated;
(9) a mistrial should have been declared based on juror misconduct; and
(10) his prior counsel’s conflict of interest required dismissal of the case.
Finally, Nieves contends that:
(1) there was insufficient evidence underlying his conviction;
(2) his Fifth Amendment rights were violated;
(3) the prosecution improperly solicited evidence of money laundering;
(4) juror misconduct occurred during trial;
(5) the imposition of a gun enhancement was improper;
(6) the calculation of the drug quantity applicable to him for sentencing was improper;
(7) the District Court erred in failing to grant him a minor role reduction; and
(8) his sentence was both procedurally and substantively unreasonable.
Each defendant has joined all other arguments raised by his co-defendants to the extent applicable to him.
We have carefully reviewed the record, which contained overwhelming evidence of guilt, and we have considered all of the issues raised by all of the defendants. We find those issues to be without merit, and reject them without further discussion. See United States v. Salemo, 61 F.3d 214, 216 n. 1 (3d Cir.1995).
We will affirm the judgments of sentence.

. In a separate opinion, we address and reject the challenges of two of their co-defendants, Arsenio and Misael Arzola.